ABNER B. ABBY & others *vs.* ELISHA A. FULLER,
Administrator.

An administrator of an insolvent intestate, having obtained license to sell his real
estate, which was mortgaged, sold it with notice that the proceeds would be first
applied to discharge the mortgage, and the residue to the other creditors; and he
paid the mortgage debt: In his administration account, he credited the whole
proceeds of the sale, and debited the amount paid by him in discharge of the mort-
gage, leaving himself charged with the balance only; and the judge of probate
passed a decree allowing the account. *Held*, on appeal from this decree, that
though the account was not stated in proper form, yet that the result was correct,
and that the administrator was not answerable to the intestate's creditors for the
full sum for which the estate was sold.

APPEAL by the creditors of Francis A. McLean, deceased,
from a decree of the judge of probate for the county of Hamp-
den, allowing the account of his administrator, the appellee.
The only item in the account, to which objection was made, was
that in which the appellee credited the estate, as follows :

Proceeds of real estate sold by license of court - - - - $350·00
Less the amount of mortgage thereon paid by administrator,
 according to terms of sale, and to be deducted from the
 above amount - - - - - - - - - - - - - - - - - $298·46

$ 51·54

Letters of administration were granted to the appellee in
September 1842, and in the following November he returned
an inventory, in which the real estate of his intestate was
appraised at $1125. In March 1843, the appellee was licensed
to sell real estate for payment of debts and charges. The whole
real estate of his intestate, consisting of a dwelling-house and a
small parcel of land in the village of Cabotville, was under a
mortgage to the Springfield Canal Company, the intestate's
grantors, made on the day on which said company conveyed
said estate to him. This real estate was sold at auction, by the
appellee, on the 20th of May 1843, in three parcels, which were
severally struck off to the intestate's widow, at prices amounting
in the whole to $350. And testimony was adduced to show
that the estate, sold in this way, would command a higher price
than if sold in one parcel only.

In June 1843, the appellee represented his intestate's estate

to be insolvent, and commissioners were appointed, in July following, to receive and examine the claims of the intestate's creditors. In the representation of insolvency, the debt due to the Springfield Canal Company was included in a statement of the intestate's debts, and the sum of $350, stated to be proceeds of the sale of his real estate, was included in the statement of assets. No mention was made of the aforesaid mortgage.

In October 1843, the appellee paid the amount of said mortgage to the mortgagees. The amount due on the mortgage at the time of said sale was $298·46, for which the estate was correctly credited in the appellee's account. The widow of the intestate contributed her legal proportion of said sum.

The reasons of appeal were these: " Because in said account the administrator claims to be allowed, and to deduct from the amount of sales of real estate, the sum of $298·46 for the purpose of paying off a mortgage upon the said estate, which he alleges to be according to the conditions of the sale of the said real estate ; whereas the appellants say, that neither were any such conditions fairly made at the time of sale, in fact, nor had the administrator any right to bind the estate by any such conditions or agreements ; but that the whole amount of the sales, being $350, ought to be charged to the administrator, and brought into court (the estate being insolvent) for distribution among the creditors, who have proved their claims against the estate."

At the hearing in this court, before *Dewey*, J. it was proved to the satisfaction of the court, that at the time of the sale of said real estate, the auctioneer gave public notice " that there was a mortgage upon the property, and that the proceeds of the sale would first go to pay off the mortgage, and the residue, if any, would go to the other creditors." And the case was referred to the whole court, upon the foregoing facts, stated and proved, to render the proper judgment in the matter of said account.

*J. Wells,* for the appellants. The appellee must account to the appellants for the full amount received for the real estate

unless he can show that some other persons are entitled to part of it. *Jennison* v. *Hapgood, Ripley* v. *Sampson,* and *Washburn* v. *Hale,* 10 Pick. 103, 371, 429. But a mortgagee has no higher claim on an administrator than any other creditor. 2 Williams on Executors, (2d ed.) 744. Where the estate is insolvent, an administrator has no right to pay any thing to a mortgagee, as such, but only to creditors who have proved their debts. *Amory* v. *Francis,* 16 Mass. 308. *Gibson* v. *Crehore,* 5 Pick. 150. 1 Hilliard's Ab. 305. Nor has he authority, as administrator, to make it a condition of the sale of mortgaged estate, that the proceeds shall be applied to discharge the mortgage. See *Sumner* v. *Williams,* 8 Mass. 201, 205. *Belden* v. *Seymour,* 8 Connect. 19. *Mitchell* v. *Hazen,* 4 Connect. 495. *Whiting* v. *Dewey,* 15 Pick. 428. The announcement, by the auctioneer, that the proceeds would first go to pay off the mortgage, was a representation by the appellee, but it did not and could not bind the estate of the intestate, nor affect his creditors. The appellee was authorized by law to sell only the intestate's interest in the land, at the time of his decease. Rev Sts. *c.* 71, § 10. And his whole authority was derived from the court that granted the license. *Litchfield* v. *Cudworth,* 15 Pick. 23. But he undertook to act for the mortgagees, in selling the land, and thus went beyond his authority. *Scott* v. *Hancock,* 13 Mass. 162.

*H. Morris & G. B. Morris,* for the appellee. In effect, the equity of redemption only was sold for the creditors of the intestate, and the appellee had a right to sell in the mode which he adopted. By Rev. Sts. *c.* 107, § 30, an administrator has a right to pay a mortgage on the intestate's estate. The appellants cannot claim the proceeds of the sale, and at the same time deny that it was legal. Besides; if the appellee had no authority to sell as he did, yet there is no reason why he should be charged with the full sum for which he sold the estate. The creditors have received as much as they would have obtained by any other mode of sale.

Shaw, C. J. The court are of opinion that the decree of the judge of probate was right, and that to charge the adminis-

trator with the full amount of the estate sold, without deducting the amount paid to redeem the mortgage, would be contrary to the first principles of justice.

It was inadvertent in the administrator to file an account crediting the whole amount of the proceeds of the sale, and claiming allowance for the sum paid to discharge the mortgage, as a debt paid to a creditor. Perhaps the fact is well enough accounted for by the suggestion, that the administrator then believed the estate to be solvent; and in that event it would have been correct. But it is allowable for an administrator, in the settlement of a subsequent account, to correct any mistake in a former one, conformably to the rights of the parties and the justice of the case.

It has been argued, that the administrator had no right to pay one debt in full out of the personal assets, though secured by mortgage, or to apply the assets to any other purpose than the payment of debts and an equal distribution, in case of insolvency. This is very true. But what are the assets in the administrator's hands? The equity of redemption only, where there is a mortgage on the property ; and this is the value of the estate over and above the charge upon it. This might be ascertained in one of two modes. The equity might be sold, that is, the estate subject to the mortgage, and then the whole of the proceeds would be assets. Or, the amount of the mortgage being fixed, it would be equally certain, to put up the whole estate, with notice that a sufficient amount of the purchase money must be applied to discharge the incumbrance ; and the balance is the value of the equity, and the amount of assets. The estate is charged with no new burden. The undertaking of the owner to apply the purchase money is no new obligation ; it does not bind the estate ; it is simply a mode of selling the equity. This is found, in the present case. to be a judicious mode of selling, and better for the estate than to sell it in one lot. It may be often beneficial for the estate, to redeem pledges and mortgages, by which property may become available, which would be otherwise lost. It is a question, in each case, whether the mode adopted is legal and beneficial to the estate. *Decree affirmed*